# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

   **Plaintiff,**

**v.**                 Case No. 03-20090-01-JWL

**James D. Brigman,**

   **Defendant.**

## MEMORANDUM & ORDER

On June 2, 2004, a jury convicted defendant of knowingly making a false statement (furnishing a false identification representing that he was someone else) in connection with the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6). This matter is presently before the court on defendant's motion for order allowing filing of redacted trial transcript (doc. #49). As set forth in more detail below, the motion is granted in part and denied in part.

This court is participating in a pilot project regarding the electronic availability of transcripts in criminal cases and, accordingly, follows the Judicial Conference policy regarding the making of redactions from transcripts concerning personal data identifiers before those transcripts are made available electronically. See http://www.ksd.uscourts.gov/cmecf/updates/index.php. Such personal data identifiers include social security numbers; financial account numbers; names of minor children; dates of birth; and home addresses of individuals. Pursuant to that policy, any party wishing to have personal data identifiers redacted from an electronic transcript must file a notice of redaction with the clerk

within 5 business days of the filing by the court reporter of the official transcript with the clerk's office.  If a notice is filed, the official transcript is not made available electronically until the requisite redactions are made or until the court rules on any motions pertaining to requested redactions.  If a notice is not filed, the transcript may be made available electronically at the close of the fifth business day.

For purposes of defendant's appeal in this case, a transcript of the limine conference and trial were prepared and filed with the clerk's office on January 3, 2005.  Neither party filed a notice of redaction within 5 business days and, thus, the transcript was made available electronically.  On February 14, 2005, defendant filed a motion to redact certain portions of the transcript.  Defendant failed to file a timely notice of redaction in light of his counsel's lack of familiarity with the court's policy.  Despite defendant's untimely motion, the court will consider the merits of the motion as there is no prejudice to plaintiff and because the important purposes underlying the redaction policy are served in that event.

In his motion, defendant seeks to redact all references to social security numbers, dates of birth, and home addresses.  Consistent with the privacy policy, defendant seeks to redact all social security numbers to the last four digits and seeks to redact all dates of birth to the year of birth.  The motion is granted in this respect and the court reporter shall be directed to partially redact the social security numbers and dates of birth identified by defendant in his motion.  With respect to home addresses of individuals, defendant seeks to redact all home addresses referenced in the transcript to the city and state, including several former addresses.  While the policy is not expressly limited to current home addresses, the policy's reference to "home addresses of

individuals" as a personal data identifier implicitly refers to current addresses.  In any event, the issue has been clarified by the Judicial Conference in its "Frequently Asked Questions on the Judicial Conference Privacy Policy on Public Access to Electronic Case Files."  *See* http://jnet.ao.dcn/it/ecf/FAQ.html.  According to the Judicial Conference, former home addresses do not need to be redacted and may be included in full because the inherent dangers to cooperating defendants, witnesses and other participants are implicated only with respect to current home addresses.  Thus, defendant's motion with respect to redacting home addresses is granted in part and denied in part.  It is granted to the extent defendant seeks to redact current home address information and is otherwise denied.  Defendant, within five days of the date of this order, shall provide to the court reporter an updated redaction statement indicating where in the transcript current home address information appears and the court reporter is directed to redact that information to the city and state.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for order allowing filing of redacted trial transcript (doc. #49) is granted in part and denied in part.  The court reporter is directed to partially redact the social security numbers and dates of birth identified by defendant in his motion.  Within 5 days of the date of this order, defendant shall provide to the court reporter an updated redaction statement indicating where in the transcript current home address information appears and the court reporter is directed to redact that information to the city and state.  The court reporter need not redact any references to former home addresses.  All redactions shall be made within 21 days of the date the court reporter

receives the updated redaction statement from defendant.


**IT IS SO ORDERED**.


Dated this 28th day of February, 2005, at Kansas City, Kansas.


<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge