# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                Case No. 03-20090-01-JWL
                                                          16-cv-2396-JWL

**James D. Brigman,**

      **Defendant.**

## MEMORANDUM & ORDER

Following a jury trial, defendant James D. Brigman was convicted of making a false statement in connection with the attempted acquisition of a firearm and ammunition in violation of 18 U.S.C. § 922(a)(6). Mr. Brigman's base offense level was enhanced pursuant to U.S.S.G. § 2K2.1(a)(2) because the offense was committed subsequent to sustaining two felony convictions for crimes of violence as defined in § 4B1.2(a). He was ultimately sentenced to 120 months imprisonment under the then-mandatory Sentencing Guidelines.

In June 2016, Mr. Brigman filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the definition of "violent felony" in the Armed Career Criminal Act was unconstitutionally vague. In his motion, Mr. Brigman contends that the residual clause contained in § 4B1.2(a)'s definition of "crime of violence" is unconstitutionally vague in light of *Johnson* and, accordingly, that his underlying felony conviction for attempted aggravated battery under Kansas law no longer qualifies as a "crime of violence" for purposes of the offense level enhancement under § 4B1.2. The court stayed Mr. Brigman's motion pending

the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court held that *Johnson* does not apply to sentences imposed under § 4B1.2 because the Guidelines are not subject to vagueness challenges. The Court, however, left open the question whether defendants (like Mr. Brigman) sentenced under mandatory, pre-*Booker* Guidelines may mount vagueness attacks on their sentences. After *Beckles*, then, the court lifted the stay in this case and permitted supplemental briefing on Mr. Brigman's motion. That briefing is now complete and the motion is ripe for resolution. As will be explained, Mr. Brigman's motion relies on a new right the Supreme Court has not yet recognized and, accordingly, the re-starting of the one-year limitation period provided by 28 U.S.C. § 2255(f)(3) does not apply—at least not yet. The Supreme Court may announce in the future a new rule of constitutional law applicable to the mandatory Guidelines and make that rule retroactive on collateral review. At that time, Mr. Brigman may be able to obtain collateral relief. But until that time, Mr. Brigman's motion does not meet the requirements of 28 U.S.C. § 2255(f)(3). Thus, the court dismisses Mr. Brigman's motion as untimely.

The government contends, among other things, that Mr. Brigman's motion must be dismissed because it is untimely filed.[1] A defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year limitations period for federal prisoners seeking habeas relief. Under 28 U.S.C. § 2255(f), a criminal defendant may file a habeas petition one year from the latest of four circumstances:

(1) the date on which the judgment of conviction becomes final;

---

[1] Because the court concludes that Mr. Brigman's motion is not timely, the court will not address the additional procedural and substantive arguments set forth by the government in opposition to Mr. Brigman's motion.

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Mr. Brigman relies on the *Johnson* opinion to trigger the limitations period set forth in § 2255(f)(3). As noted earlier, the Supreme Court in *Johnson* held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. It is undisputed that the Supreme Court announced a new rule in *Johnson*, which was then made retroactive in *Welch v. United States*, 136 S. Ct. 1257 (2016). The threshold timeliness question, then, is whether the new rule announced in *Johnson* applies to Mr. Brigman's claim under the mandatory Guidelines. Mr. Brigman asserts that his claim requires only a simple application of the new rule articulated in *Johnson* to the "closely analogous" context of mandatory sentencing Guidelines. The government, on the other hand, urges that Mr. Brigman's claim requires an extension of *Johnson* not yet recognized by the Supreme Court—essentially, a second "new rule" that would apply *Johnson* and the constitutional vagueness doctrine to a provision of the then-mandatory sentencing Guidelines.

Neither the Tenth Circuit nor any other Circuit Court of Appeals has decided whether a motion raising a *Johnson*-based challenge against the mandatory Guidelines' residual clause is properly raised under § 2255(f)(3). Nonetheless, it appears that every district court that has addressed this issue has held that such motions must be dismissed as untimely. *See, e.g., Davis*

3

*v. United States*, 2017 WL 3129791, at *4 (E.D. Wis. July 21, 2017) (collecting cases in mandatory Guidelines context and following those cases); *Miller v. United States*, 2017 WL 2937949, *3 (D. Utah July 10, 2017) ("Because neither the Supreme Court nor the Tenth Circuit has directly recognized a right to modify a sentence increased under the residual clause of USSG § 4B1.2 before *Booker*, the court concludes that Petitioner's § 2255 motion is untimely."); *United States v. Beraldo*, 2017 WL 2888565, at *2 (D. Or. July 5, 2017) (dismissing motion as untimely because the right not to be subjected to a sentence enhancement pursuant to a vague mandatory Guidelines is not the same right recognized in *Johnson*); *Hirano v. United States*, 2017 WL 2661629, at *7-8 (D. Hawaii June 20, 2017); *United States v. Autrey*, 2017 WL 2646287, at *4 (E.D. Va. June 19, 2017) ("[I]t is clear that *Johnson* did not establish a new 'right' applicable to defendant or the mandatory Guidelines."); *Mitchell v. United States*, 2017 WL 2275092, at *5 (W.D. Va. May 24, 2017) ("Because the Supreme Court has not decided whether the residual clause of the mandatory Sentencing Guidelines is unconstitutionally vague . . . Petitioner's motion is untimely under § 2255(f)(3)."); *Hodges v. United States*, 2017 WL 1652967, at *3 (W.D. Wash. May 2, 2017) (while "the Supreme Court may still decide that the Guidelines as they were applied prior to *Booker* are subject to a vagueness challenge based on the Court's analysis in *Johnson*," it has not done so yet); *United States v. Russo*, 2017 WL 1533380, at *3-4 (D. Neb. Apr. 27, 2017).

These district courts have uniformly concluded that the Supreme Court's holding in *Johnson* did not create a newly-recognized right that allows petitioners to challenge the constitutionality of their sentence under the mandatory Guidelines' residual clause. The court finds the reasoning of these cases persuasive. Moreover, the court has uncovered no case (and

4

Mr. Brigman cites none) finding that a petitioner sentenced under the mandatory Guidelines may timely file a § 2255 petition based on *Johnson*. Mr. Brigman, nonetheless, urges that an application of Johnson in the context of the mandatory sentencing Guidelines does not create a new rule. In support of that argument, he relies on the Supreme Court's cases in *Godfrey v. Georgia*, 446 U.S. 420 (1980); *Maynard v. Cartwright*, 486 U.S. 356 (1988); and *Stringer v. Black*, 503 U.S. 222 (1992). In *Godfrey*, the Supreme Court held that Georgia's "outrageously or wantonly vile, horrible and inhuman" aggravator for purposes of capital sentencing was unconstitutionally vague in violation of the Eighth Amendment. Similarly, in *Maynard*, the Court held that Oklahoma's "especially heinous, atrocious, or cruel" aggravator was unconstitutionally vague. In *Stringer*, the Supreme Court determined that *Maynard* was not a "new rule" in light of *Godfrey*:

> *Godfrey* and *Maynard* did indeed involve somewhat different language. But it would be a mistake to conclude that the vagueness ruling of *Godfrey* was limited to the precise language before us in that case. In applying *Godfrey* to the language before us in *Maynard*, we did not "break new ground." . . . . *Maynard* was, therefore, for purposes of *Teague*, controlled by *Godfrey*, and it did not announce a new rule.

*Stringer*, 503 U.S. at 229. Mr. Brigman, then, contends that the vagueness holding in *Johnson* is not limited to the ACCA and may be applied to the mandatory guideline context without "breaking new ground."

The court disagrees. *Maynard* presented the Court with only a minor variation of the aggravator at issue in *Godfrey*—and both cases arose in the same context of a jury instruction defining the HAC aggravator for purposes of capital sentencing. But the statute as issue in *Johnson* functions differently than the career offender provision of the Guidelines, even in the

5

pre-*Booker* context. *Davis*, 2017 WL 3129791, at *5. For while a career offender designation under the mandatory Guidelines removed a district court's discretion to impose a below-Guidelines sentence, an ACCA enhancement mandates a sentence 5 years above the statutory maximum for the crime. *See id*. In other words, even pre-*Booker*, the Guidelines did not increase the maximum sentence that could be imposed. In light of this substantive difference, the court is not persuaded by Mr. Brigman's reliance on *Godfrey* and *Maynard.*

Moreover, the Supreme Court in *Johnson* expressly distinguished the ACCA and rejected the suggestion that its decision called into question the residual clauses in "dozens of federal and state criminal laws" using similar terms. *See Hodges*, 2017 WL 1652967, at *2 (quoting *Johnson*, 135 S. Ct. at 2561). The Court confirmed the limits on *Johnson* in *Welch*, stating that the Court's "analysis in *Johnson* . . . cast no doubt on the many laws that 'require gauging the riskiness of conduct in which an individual defendant engaged on a particular occasion.'" *Id*. (quoting *Welch*, 136 S Ct. at 1262). And, of course, in *Beckles*, Justice Sotomayor noted that the majority opinion "leaves open" the question of whether mandatory Guidelines are subject to vagueness challenges and that she, "like the majority," took no position on that issue. *Beckles*, 137 S. Ct. at 903 n.4. Because the issue remains "open," Mr. Brigman's motion, by definition, cannot rely on a right established in *Johnson*. *See Autrey*, 2017 WL 2646287, at *4.

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the

6

district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under this standard, the court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Brigman's motion to vacate under 28 U.S.C. § 2255 (doc. 57) is **dismissed**.

**IT IS SO ORDERED.**

Dated this 1st day of August, 2017, at Kansas City, Kansas.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge