**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

      **Plaintiff,**

**v.**                                                                          **Case No. 03-20090-JWL**

**James D. Brigman,**

      **Defendant.**

**MEMORANDUM AND ORDER**

    In June 2004, a jury convicted defendant of making a false statement to obtain a firearm in violation of 18 U.S.C. § 922(a)(6).  He was sentenced to 120 months imprisonment followed by three years of supervised release.  On November 13, 2020, defendant was arrested on an outstanding warrant alleging various violations of his supervision.  An initial appearance was held on November 16, 2020 by video conference and counsel was appointed for defendant.  Two days later, a status conference was held and the parties agreed to the release of defendant from the custody of the U.S. Marshal.  A final revocation hearing was set for December 2, 2020.  The defendant moved to continue that hearing while he resolved pending charges in state court arising out of those violations.  Thereafter, defendant was sentenced in state court to a 57-month term of imprisonment.  He is presently in state custody and the final revocation hearing has not been rescheduled.

    Defendant has now filed a "Voluntary Waiver of Preliminary and Revocation Hearings" concerning his federal supervised release pursuant to Federal Rule of Criminal Procedure 32.1.  In that document, he asserts an intent to waive his right to counsel, his right to a preliminary

hearing, and his right to appear in person at a final revocation hearing and sentencing.  He asserts a desire to appear by video conferencing for the purpose of making a statement prior to sentencing. It appears that defendant seeks to resolve his federal supervised release revocation while in state custody.

The court denies defendant's voluntary waiver at this juncture.  The plain language of Rule 32 shows that it applies only once a defendant is in federal custody.  An individual like defendant who is held in state custody on state crimes is not entitled to a hearing under the rule and the rights relating to that hearing are not triggered until the defendant is in federal custody.  *See United States v. Swenson*, 250 Fed. Appx. 838, 839-40 (10th Cir. Oct. 10, 2007); *see also United States v. Sussman*, 444 Fed. Appx 302, 304 (10th Cir. 2011) ("His revocation hearing could not have proceeded [under Rule 32.1] until he was in federal custody.").  Once defendant is taken into federal custody on the violation, defendant may reassert his desire to waive his rights under Rule 32.1.

**IT IS SO ORDERED.**

Dated this 16th day of June, 2023, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge

2